GEORGE M. HAIGHT, as Receiver of the SALT SPRINGS NATIONAL BANK OF SYRACUSE, and as Receiver of JOHN W. GATES, Judgment Debtor, Respondent, v. JOHN W. GATES and FRANCIS E. GATES, Appellants, and Three Other Actions by Same Plaintiff against JOHN W. GATES and Other Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendants' motion for a jury trial of issues of fact in actions to set aside transfers of assets.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

GEORGE M. HAIGHT, as Receiver of the SALT SPRINGS NATIONAL BANK OF SYRACUSE, and as Receiver of JOHN W. GATES, Judgment Debtor, Respondent, v. JOHN W. GATES and FRANCIS E. GATES, Appellants, and Three Other Actions by the Same Plaintiff against JOHN W. GATES and Other Defendants.— Order modified on the law by striking out the third and fourth ordering paragraphs and by inserting a new third ordering paragraph which denies a motion for a compulsory reference and as modified affirmed, without costs, on the ground that the actions do not come within the provisions of section 466 of the Civil Practice Act. All concur. (The order grants plaintiff's motion that the actions " 1," " 2 " and " 3 " be tried together, without consolidation, and refers same to an official referee for trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

GEORGE M. HAIGHT, as Receiver of the SALT SPRINGS NATIONAL BANK OF SYRACUSE, and as Receiver of JOHN W. GATES, Judgment Debtor, Respondent, v. JOHN W. GATES and FRANCIS E. GATES, Appellants, and Three Other Actions by the Same Plaintiff against JOHN W. GATES and Other Defendants.— Order affirmed, with ten dollars costs and disbursements. Order entered September 23, 1941, as resettled by an order dated October 9, 1941, restraining the transfer of certain assets, affirmed, without costs. All concur. (The order grants plaintiff's motion for the appointment of a receiver of assets mentioned in the complaint, pending determination of the action. The resettled second order restrains the transfer of certain assets by the defendants herein.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

CENTRAL TRUST COMPANY, Appellant, v. GRACE A. LEGENDRE, Respondent.— Order modified on the law by striking out the last ordering paragraph thereof and as modified affirmed, with ten dollars costs and disbursements. All concur, Cunningham, J., not voting. (The order denies plaintiff's motion for summary judgment in an action on a promissory note.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

RUSSELL P. YATES, Appellant, v. HELEN YATES and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies plaintiff's motion for a temporary injunction.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

MABEL ALBERT, as Administratrix, etc., of ABRAHAM LEWIS ALBERT, Deceased, Respondent, v. HARRY C. ALBERT, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The issue as to whether the proceeds of the insurance policies belonged to the beneficiaries named therein or to the partnership of Albert and Albert was a very narrow one. The principal proof in substantiation of the finding that the proceeds belonged to the partnership is to be found in the financial statements which were delivered by the defendant to the bank when the partner-